## SWIFT & CO. v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department.    December 30, 1909.)

1. STREET RAILROADS (§ 117*)—COLLISION—PROXIMATE CAUSE—QUESTION FOR JURY.

In an action for injuries to plaintiff's wagon, etc., caused by its being run into by defendant's street car from the rear, whether the motorman's negligence in striking the wagon, in the face of a lighted lantern swinging from its rear axle, was the proximate cause of the accident, *held* for the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 251–254; Dec. Dig. § 117.*]

2. STREET RAILROADS (§ 27*)—USE OF STREET.

The right to use the space in a city street overlaid by the tracks of a street railway company is common to the railroad company and the traveling public.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 64; Dec. Dig. § 27.*]

3. STREET RAILROADS (§ 103*)—COLLISION WITH TRAVELERS—CONTRIBUTORY NEGLIGENCE.

The fact that the driver of a team on a street railroad track did not keep his eyes turned backward sufficiently often to accommodate his safety to defendant's cars did not excuse the motorman of a following car for recklessly driving his car against the wagon, in the face of a lantern shining from the rear axle.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 219; Dec. Dig. § 103.*]

4. STREET RAILROADS (§ 103*)—INJURIES TO TRAVELERS—CONTRIBUTORY NEGLIGENCE.

A street railway company may not, with knowledge and without any effort to save, run down either a valuable animal or a man on the railway tracks, however unlawfully or negligently they may be there.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 219; Dec. Dig. § 103.*]

5. STREET RAILROADS (§ 112*)—COLLISION—NEGLIGENCE—PRESUMPTION.

Where a street car motorman dashed into a wagon on the track from the rear, in the face of a lighted lantern hanging from the rear axle, and the motorman gave no explanation of his conduct in exculpation, it would be presumed that he saw the lantern and ran into the wagon regardless thereof.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 227; Dec. Dig. § 112.*]

6. TRIAL (§ 148*)—QUESTION FOR JURY—REQUEST TO SUBMIT—NECESSITY.

Where, in an action for injuries resulting from a street car collision, plaintiff was entitled to go to the jury on the question of defendant's negligence, its failure to request a submission of such question did not justify a dismissal of the complaint.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 331; Dec. Dig. § 148.*]

Appeal from Trial Term, Queens County.

Action by Swift & Co. against the New York & Queens County Railway Company. From a judgment for defendant, and from an order setting aside a verdict for plaintiff, defendant appeals. Judgment reversed, order setting aside verdict affirmed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, P. J., and WOODWARD, MIL-
LER, JENKS, and THOMAS, JJ.

. Joseph M. Hartfield, for appellant.

Bayard H. Ames (John Montgomery, on the brief), for respondent.

THOMAS, J. In the night plaintiff's servant was driving horses
on an open wagon from Astoria to Flushing, and the icy condition
of the road constrained him to drive on one of the two street railroad
tracks that bordered the road. As he entered upon the track he looked
back, but no car was in sight. He drove 300 feet and looked again,
and did not look again while he was driving a mile and a half on the
track, which he estimated in time to be seven or eight minutes. The
person riding with him looked back five or six minutes before the colli-
sion. Neither heard the car approaching. There was a lighted lan-
tern tied by a string to the rear axle. The jury found a verdict for the
plaintiff, which the court set aside, and dismissed the complaint upon
motion for a nonsuit, decision whereof was reserved pending the
verdict.

The motorman drove his car upon the wagon in the very face of a
lighted lantern swinging from its rear axle, and the plaintiff was at
least entitled to go to the jury upon the question whether the defend-
ant's negligence in this regard was not the sole proximate cause of
the accident. The defendant gave no evidence, and for aught that
appears the motorman saw the lantern at such distance therefrom and
under such circumstances that in the exercise of good faith he could
have stopped the car, the failure to exercise which would charge him
with gross negligence. This case differs from any to which my atten-
tion has been called (1) by the presence of the light at night, which
was a self-protection employed by the driver, and an unmistakable
signal to the motorman of the presence of the wagon on the track;
(2) by the fact that the motorman gave no account of himself whereby
he may be acquitted of gross negligence in running down the team.
There is no phase of negligence law that ignores this consideration.
Had the driver been a trespasser on the tracks of a steam railway,
the duty would rest on the engineer of a train, seeing him to try to save
him. But here the driver was on a public highway where by imme-
morial right he might travel, he was on tracks that overlaid a space in
the highway where he had every right to go, and where the icy con-
dition of other parts of the highway compelled him to go. If he did
not keep his eyes turned backward with sufficient continuity, or so re-
peatedly, as to accommodate his safety to the defendant's cars, that
did not excuse the defendant's presumable reckless oncoming, with
the lantern shining full in the face of the motorman. The law is mind-
ful of cattle trespassing on a railway track. Wharton on Negligence,
§ 397. It takes heed of human beings heedlessly exposed there. Ken-
yon v. New York C. & Hudson River R. R. Co., 5 Hun, 479, affirmed
76 N. Y. 607. There it was decided that, in an action for injuries to
a little child from being run over by defendant's engine, the driver
might, with the exercise of ordinary care, have stopped the engine and
avoided the injury; hence the contributory negligence of the plaintiff
did not constitute a defense. In the opinion it is said:

₀ "Such a case furnished a just and well-established exception to the general rule that contributory negligence on the part of the plaintiff will defeat recovery"—citing many authorities.

In Rodley v. London, etc., R. Co., L. R. 1 App. Cas. 754, 759, it was held that although the plaintiff may have been guilty of negligence that may, in fact, have contributed to the accident, if the defendant could, by the exercise of ordinary care and diligence, have avoided the mischief which happened, the plaintiff's negligence will not excuse him. It is not the law that a railway company may, with knowledge, yet without effort to save, run down any valuable animal, much less man, upon railway tracks, however unlawfully, or however negligently, they may be there. It is true that the care required of an unoffending person to avoid injuring a negligent person, when his dangerous condition presents itself, is quite different from that primarily imposed. The innocent person so called upon to act may find the other in an extremity of danger solely through his own negligence, so that an attempt to deliver him, made in good faith, may be all that is required. In the case at bar the defendant's motorman could have seen the lighted lantern in its track a long way ahead, the law required him to watch the track for teams on the track, the light was drawing nearer to his vision, and the presumption is that, looking as he ought to have looked, he saw it and dashed into it. Burdened by this presumption, the defendant refused to speak in explanation. The explanation might have demanded its exculpation by the court; but as the case stands it is not shielded, but rather exposed to the accusation of seeing danger to another and disregarding it, although the motorman is presumed to have his car under reasonable control, and for aught known did so have it. But it may be said that the plaintiff failed to make request for submission of such question to the jury, and so he did, and for that reason the question was not presented, and the court set aside a verdict based on other issues. But the plaintiff's failure to present such question to the jury did not justify the dismissal of the complaint, inasmuch as the plaintiff was entitled to go to the jury on that question.

I think that the order dismissing the complaint, and judgment thereon, should be reversed, and that, as the entire question was not submitted to the jury, the order setting aside the verdict should be affirmed, and a new trial granted; costs to abide the event. All concur.